**PENNSYLVANIA RULES OF DISCIPLINARY ENFORCEMENT**

Rule 102.          **Definitions.**

          (a)          General Rule. -- Subject to additional definitions contained in subsequent provisions of these rules which are applicable to specific provisions of these rules, the following words and phrases when used in these rules shall have, unless the context clearly indicates otherwise, the meanings given to them in this rule:

\*\*\*

**"Court Prothonotary."  The Prothonotary of the Supreme Court of Pennsylvania.**

\*\*\*

"Disciplinary Counsel."  The Chief Disciplinary Counsel and **[assistant]** disciplinary counsel **within the Office of Disciplinary Counsel.**

\*\*\*

 "Experienced hearing committee member." – An attorney who at the time is a member of the panel of hearing committee members in a disciplinary district and who has served **[as a member of a panel of hearing committee members for at least one year and on a hearing committee that has conducted at least one hearing into formal charges of misconduct by a respondent-attorney]** **on at least one hearing committee that has conducted a hearing into formal charges of misconduct by a respondent-attorney**.

\*\*\*

**"Legal Counsel." Counsel to the Board and Special Counsel.**

\*\*\*

**["Prothonotary." The Prothonotary of the Supreme Court of Pennsylvania.]**

\*\*\*

"Senior hearing committee member." – An attorney who at the time is a member of the panel of hearing committee members in a disciplinary district and who has **[previously]** served either (i) as a member of the Board, or (ii) **[a full three-year term on a panel of hearing committee members and on hearing committees that have conducted hearings into formal charges of misconduct by respondent-attorneys]** **on at least two hearing committees that have conducted hearings into formal charges of misconduct by respondent-attorneys**.

\*\*\*

"Special Master."  **[A special master a] A**ssigned under Enforcement Rule 206 (relating to hearing committees and special masters**), includes former Board members, former or retired justices or judges not on senior status, Special Counsel, and former senior hearing committee members**.

\*\*\*

Rule 104.        **Filings with the Supreme Court.**

\*\*\*

(c)        Centralized filing.  All filings with the Supreme Court under these rules shall be made only with the **Court P[p]**rothonotary, and the person making a filing shall not distribute copies to the members of the Court.

\*\*\*

Rule 205.        **The Disciplinary Board of the Supreme Court of Pennsylvania.**

\*\*\*

(c)        The Board shall have the power and duty:

\*\*\*

(1)        To consider the conduct of any person subject to these rules after investigation by Disciplinary Counsel pursuant to Enforcement Rule 207(b)(1).  Complaints filed directly with the Board shall be forwarded to **[the Office of]** Chief Disciplinary Counsel for assignment to a district office.

Note:  In order to avoid the commingling of prosecutorial and adjudicative functions, which would be a violation of due process, *see Lyness v. Com. of Pa., State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), the Office of Disciplinary Counsel is charged with the duty of investigating and prosecuting all disciplinary matters subject to adjudication by the Board. *See* Enforcement Rule 208(a)(1), (a)(2)(iv).  Under Enforcement Rule 208(d)(1), Board Members appointed in a matter to review Disciplinary Counsel's charging decisions or recommended disposition are precluded from further participation in that matter.

(2)        To appoint **[a Secretary] an Executive Director**, a Chief Disciplinary Counsel, **Legal Counsel** and such **[assistant disciplinary counsel and]** staff as may from time to time be required to properly perform the functions prescribed by these rules.

\*\*\*

(4)        To assign **[as]** special masters **pursuant to Rule 206(d) [three or more former members of the Board or former or retired justices or judges who are not in senior judge status. The expenses and compensation of the special masters shall be paid as a cost of disciplinary administration and enforcement.  See Enforcement Rule 219(a) (relating to annual registration of attorneys)]**.

(5)        To assign formal charges or the conduct of an investigatory hearing to a hearing committee or special master, and to assign a reinstatement petition to a hearing committee.  **[The assignment to a hearing committee of formal charges, the conduct of an investigatory hearing, or a reinstatement petition may be delegated by the Board to its Secretary.]**  A hearing committee member who has passed upon Disciplinary Counsel's recommended disposition of the matter shall be ineligible to serve on the hearing committee that considers the matter.

\*\*\*

2

(7)　　To assign [**periodically, through its Secretary, senior or experienced hearing committee members within each disciplinary district to**]:

(i)　　**hearing committee members to** review and approve or modify recommendations by Disciplinary Counsel for dismissals, informal admonitions, private reprimands, public reprimands and institution of formal charges;

(ii)　　**senior or experienced hearing committee members to** hear and determine attacks on the validity of subpoenas issued pursuant to Enforcement Rule 213(a)(2) (relating to subpoena power, depositions and related matters), as provided in Enforcement Rule 213(d)(2); or

(iii)　　**senior or experienced hearing committee members to** consider a petition for reinstatement to active status from retired or inactive status, or administrative suspension, under Enforcement Rule 218 (relating to reinstatement) of a formerly admitted attorney who has not been suspended or disbarred.

\*\*\*

Rule 206.　　**Hearing committees and Special Masters.**

(a)　　When a hearing committee is required to handle a matter, the Board shall appoint a hearing committee consisting of three hearing committee members from the appropriate disciplinary district. **Under exigent circumstances, the Board has the discretion to appoint a hearing committee member or members from outside the appropriate disciplinary district, or to require that a matter be transferred to another disciplinary district.** At least one of the members of the hearing committee shall be a senior hearing committee member, and another member shall be either a senior hearing committee member or an experienced hearing committee member. The Board shall designate one of the members so appointed as the chair for the committee, who shall be a senior hearing committee member.  The terms of hearing committee members shall be three years and no member shall serve for more than two consecutive three-year terms.  Board rules may authorize a hearing committee member whose term has expired to continue to serve until the conclusion of any matter commenced before the member prior to the expiration of such term.  A hearing committee member who has served two consecutive three-year terms may be reappointed after the expiration of one year.  A hearing committee shall act only with the concurrence of a majority of its members and two members shall constitute a quorum, except that a single senior or experienced hearing committee member may act for the committee when the committee is sitting as an investigatory hearing committee under Enforcement Rule 213(a)(1) (relating to subpoena power, depositions and related matters) or when conducting a prehearing conference.  The terms of hearing committee members shall commence on July 1.

(b)　　Hearing committees shall have the power and duty:

(1)　　To conduct investigatory hearings and hearings into formal charges of misconduct upon assignment by the Board **[or the Secretary of the Board]** (see Enforcement Rule 205(c)(5)).

\*\*\*

(c)        If a member of a hearing committee becomes disqualified or otherwise unavailable to serve with respect to any particular matter, the **[Secretary] Board** shall designate a replacement.

(d)        A special master instead of a hearing committee may be assigned by the Board to conduct an investigatory hearing or formal proceeding **[where it appears that the hearing or proceeding may be protracted and should be conducted continuously from day to day until conclusion]**.

\*\*\*

Rule 208.        **Procedure.**

\*\*\*

(f)        Emergency temporary suspension orders and related relief.

\*\*\*

Where the Court enters an order under (f)(1)(i) or (ii) before the issuance of a rule or before the entry of an order of temporary suspension under paragraph (f)(2), the **Court** Prothonotary shall serve a certified copy of the Court's order on the respondent-attorney by regular mail addressed to the address furnished by the respondent-attorney in the last registration statement filed by the respondent-attorney and to an address where the respondent-attorney is located if that address is known.

\*\*\*

(4)        The respondent-attorney may at any time petition the Court for dissolution or amendment of an order of temporary suspension.  A copy of the petition shall be served upon Disciplinary Counsel and the **[Secretary of the]** Board. A hearing on the petition before a member of the Board designated by the Chair of the Board shall be held within ten business days after service of the petition on the **[Secretary of the]** Board.  The designated Board member shall hear the petition and submit a transcript of the hearing and a recommendation to the Court within five business days after the conclusion of the hearing. Upon receipt of the recommendation of the designated Board member and the record relating thereto, the Court shall dissolve or modify its order, if appropriate.

\*\*\*

(6)        A respondent-attorney who has been temporarily suspended pursuant to this rule for conduct described in paragraph (1), or pursuant to the procedures of paragraph (5) where a formal proceeding has not yet been commenced shall have the right to request an accelerated disposition of the charges which form the basis for the temporary suspension by filing a notice with the **[Secretary of the]** Board and Disciplinary Counsel requesting accelerated disposition. Within 30 days after filing of such a notice, Disciplinary Counsel shall file a petition for discipline under subdivision (b) of this rule and the matter shall be assigned to a hearing committee for accelerated disposition. Thereafter the matter shall proceed and be concluded by the hearing committee, the Board and the Court without appreciable delay. If a petition for discipline is not timely filed under this paragraph, the order of temporary suspension shall be automatically dissolved, but without prejudice to any pending or further proceedings under this rule.

\*\*\*

(h)        Violation of probation. -- Where it appears that a respondent-attorney who has been placed on probation has violated the terms of the probation, **[the Office of]** Disciplinary Counsel may file a petition with the Board detailing the violation and suggesting appropriate modification of the order imposing the probation, including without limitation immediate suspension of the respondent-attorney.  A hearing on the petition shall be held within ten business days before a member of the Board designated by the Board Chair.  If the designated Board member finds that the order imposing probation should be modified, the following procedures shall apply:

\*\*\*

Rule 209.        **Immunity.**

\*\*\*

(b)        Complaints against members of the Board involving alleged violations of the Disciplinary Rules or these rules shall be handled in the same manner as other complaints, except that if action is required by the Board**,** the **[Secretary]** **Board** shall notify the Supreme Court which shall appoint an Ad Hoc Disciplinary Board comprised of five former members of the Board who shall discharge the functions of the Board and have all the powers of the Board with respect to that one matter only.

\*\*\*

Rule 213.        **Subpoena power, depositions and related matters.**

\*\*\*

(b)        Procedure.  Subpoenas authorized by subdivision (a) shall be obtained by filing with the **Court** Prothonotary in the district of the Supreme Court where the subpoena is to be returnable a statement calling for the issuance of the subpoena.  On the same day that the statement is filed with the **Court** Prothonotary, the party seeking the subpoena shall send by certified mail a copy of the statement to either Disciplinary Counsel or the respondent-attorney as the case may be.  Upon the filing of the statement, the **Court** Prothonotary shall forthwith issue the subpoena and it shall be served in the regular way.  A subpoena issued pursuant to subdivision (a)(2) shall not be returnable until at least ten days after the date of its issuance.

\*\*\*

Rule 214.        **Attorneys convicted of crimes.**

\*\*\*

(d)        (4)        The respondent-attorney may at any time petition the Court for dissolution or amendment of an order of temporary suspension.  A copy of the petition shall be served upon Disciplinary Counsel and the **[Secretary of the]** Board.  A hearing on the petition before a member of the Board designated by the Chair of the Board shall be held within ten business days after service of the petition on the **[Secretary of the]** Board.  The designated Board member shall hear the petition and submit a transcript of the hearing and a recommendation to the Court within five business days after the conclusion of the hearing.  Upon receipt of the recommendation of the designated Board member and the record relating thereto, the Court shall dissolve or modify its order, if appropriate.

\*\*\*

(f)        (2)        Notwithstanding the provision of paragraph (1) that a hearing shall not be held until sentencing and all appeals from a conviction have been concluded, a respondent-attorney who has been temporarily suspended pursuant to this rule shall have the right to request an accelerated disposition of the charges which form the basis for the temporary suspension by filing a notice with the **[Secretary of the]** Board

and Disciplinary Counsel requesting accelerated disposition. Within 30 days after filing of such a notice, Disciplinary Counsel shall file a petition for discipline, if such a petition has not already been filed, and the matter shall be assigned to a hearing committee for accelerated disposition. The assignment to a hearing committee shall take place within seven (7) days after the filing of such a notice or the filing of a petition for discipline, whichever occurs later. Thereafter the matter shall proceed and be concluded by the hearing committee, the Board and the Court without appreciable delay. If a petition for discipline is not timely filed or assigned to a hearing committee for accelerated disposition under this paragraph, the order of temporary suspension shall be automatically dissolved, but without prejudice to any pending or further proceedings under this rule.

***

Rule 215.        **Discipline on Consent.**

(a)        Voluntary resignation. – An attorney who is the subject of an investigation into allegations of misconduct by the attorney may submit a resignation, but only by delivering to Disciplinary Counsel or the **[Secretary of the]** Board a verified statement stating that the attorney desires to resign and that:

***

(6)        the attorney is aware that pursuant to subdivision (c) of this Rule, the fact that the attorney has tendered his or her resignation shall become a matter of public record immediately upon delivery of the resignation statement to Disciplinary Counsel or the **[Secretary of the]** Board;

***

(b)        Order of disbarment. – Upon receipt of the required statement, the **[Secretary of the]** Board shall file it with the Supreme Court and the Court shall enter an order disbarring the attorney on consent.

(c)        Confidentiality of resignation statement. – The fact that the attorney has submitted a resignation statement to Disciplinary Counsel or the **[Secretary of the]** Board for filing with the Supreme Court shall become a matter of public record immediately upon delivery of the resignation statement to Disciplinary Counsel or the **[Secretary of the]** Board. The order disbarring the attorney on consent shall be a matter of public record. If the statement required under the provisions of subdivision (a) of this rule is submitted before the filing and service of a petition for discipline and the filing of an answer or the time to file an answer has expired, the statement shall not be publicly disclosed or made available for use in any proceeding other than a subsequent reinstatement proceeding except:

***

Rule 216.        **Reciprocal discipline and disability.**

***

(e)        An attorney who has been transferred to disability inactive status or disciplined in another court or by any body authorized by law or by rule of court to conduct disciplinary proceedings against attorneys by any state or territory of the United States or of the District of Columbia, a United States court, or by a federal administrative agency or a military tribunal, by suspension, disbarment, or revocation of license or pro hac vice admission, or who has resigned from the bar or otherwise relinquished his or her license to practice while under disciplinary investigation in another jurisdiction, shall report the fact of such transfer, suspension, disbarment, revocation or resignation to the **[Secretary of the]** Board within 20 days after the date of the order, judgment or directive imposing or confirming the discipline or transfer to disability inactive status.

Rule 217.        **Formerly admitted attorneys.**

(a)        A formerly admitted attorney shall promptly notify, or cause to be promptly notified, all clients being represented in pending matters, other than litigation or administrative proceedings, of the disbarment, suspension, administrative suspension or transfer to inactive status and the consequent inability of the formerly admitted attorney to act as an attorney after the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status and shall advise said clients to seek legal advice elsewhere. The notice required by this subdivision (a) may be delivered by the most efficient method possible as long as the chosen method is successful and provides proof of receipt.  At the time of the filing of the verified statement of compliance required by subdivision (e)(1) of this Rule, the formerly admitted attorney shall file copies of the notices required by this subdivision and proofs of receipt with the **[Secretary of the]** Board and shall serve a conforming copy on **[the Office of]** Disciplinary Counsel. *See* D.Bd. Rules § 91.91(b) (relating to filing of copies of notices).

> Note:  Notice may be accomplished, for example, by delivery in person with the lawyer securing a signed receipt, electronic mailing with some form of acknowledgement from the client other than a "read receipt," and mailing by registered or certified mail, return receipt requested.

(b)        A formerly admitted attorney shall promptly notify, or cause to be promptly notified, all clients who are involved in pending litigation or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceeding, of the disbarment, suspension, administrative suspension or transfer to inactive status and consequent inability of the formerly admitted attorney to act as an attorney after the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status.  The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in place of the formerly admitted attorney. In the event the client does not obtain substitute counsel before the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status, it shall be the responsibility of the formerly admitted attorney to move in the court or agency in which the proceeding is pending for leave to withdraw.  The notice to be given to the attorney or attorneys for an adverse party shall state the place of residence of the client of the formerly admitted attorney.  The notice required by this subdivision (b) may be delivered by the most efficient method possible as long as the chosen method is successful and provides proof of receipt. *See* Note after subdivision (a), *supra*.  At the time of the filing of the verified statement of compliance required by subdivision (e)(1) of this Rule, the formerly admitted attorney shall file copies of the notices required by this subdivision and proofs of receipt with the **[Secretary of the]** Board and shall serve a conforming copy on **[the Office of]** Disciplinary Counsel. *See* D.Bd. Rules § 91.92(b) (relating to filing of copies of notices).

(c)        A formerly admitted attorney shall promptly notify, or cause to be promptly notified, of the disbarment, suspension, administrative suspension or transfer to inactive status:

(1)        all persons or their agents or guardians, including but not limited to wards, heirs and beneficiaries, to whom a fiduciary duty is or may be owed at any time after the disbarment, suspension, administrative suspension or transfer to inactive status;

(2)        all other persons with whom the formerly admitted attorney may at any time expect to have professional contacts under circumstances where there is a reasonable probability that they may infer that he or she continues as an attorney in good standing; and

(3)        any other tribunal, court, agency or jurisdiction in which the attorney is admitted to practice.

The notice required by this subdivision (c) may be delivered by the most efficient method possible as long as the chosen method is successful and provides proof of receipt. *See* Note after subdivision (a), *supra*.  At the time of

the filing of the verified statement of compliance required by subdivision (e)(1) of this Rule, the formerly admitted attorney shall file copies of the notices required by this subdivision and proofs of receipt with the **[Secretary of the]** Board and shall serve a conforming copy on **[the Office of]** Disciplinary Counsel. The responsibility of the formerly admitted attorney to provide the notice required by this subdivision shall continue for as long as the formerly admitted attorney is disbarred, suspended, administratively suspended or on inactive status.

\*\*\*

(e)    (1)    Within ten days after the effective date of the disbarment, suspension, administrative suspension or transfer to inactive status order, the formerly admitted attorney shall file with the **[Secretary of the]** Board a verified statement and serve a copy on Disciplinary Counsel. In the verified statement, the formerly admitted attorney shall:

\*\*\*

(iv)    in cases of disbarment or suspension for a period exceeding one year, aver that he or she has attached his or her attorney registration certificate for the current year, certificate of admission, any certificate of good standing issued by the **Court** Prothonotary, and any other certificate required by subdivision (h) of this Rule to be surrendered; or, in the alternative, aver that he or she has attached all such documents within his or her possession, or that he or she is not in possession of any of the certificates required to be surrendered;

\*\*\*

(vii)    aver that he or she has served a copy of the verified statement and its attachments on **[the Office of]** Disciplinary Counsel;

\*\*\*

(h)    Within ten days after the effective date of an order of disbarment or suspension for a period longer than one year, the formerly admitted attorney shall surrender to the Board the certificate issued by the Attorney Registration Office under Rule 219(e) (relating to annual registration of attorneys) for the current year, along with any certificate of good standing issued under Pennsylvania Bar Admission Rule 201(d) (relating to certification of good standing), certificate of admission issued under Pennsylvania Bar Admission Rule 231(d)(3) (relating to action by **Court** Prothonotary), certificate of licensure issued under Pennsylvania Bar Admission Rule 341(e)(3) (relating to motion for licensure), Limited In-House Corporate Counsel License issued under Pennsylvania Bar Admission Rule 302 (relating to limited in-house corporate counsel license) or limited certificate of admission issued under Pennsylvania Bar Admission Rule 303 (relating to limited admission of military attorneys). The Board may destroy the annual certificate issued under Rule 219(e), but shall retain any other documents surrendered under this subdivision and shall return those documents to the formerly admitted attorney in the event that he or she is subsequently reinstated.

\*\*\*

Rule 218.    **Reinstatement.**

\*\*\*

(d)    The procedure for petitioning for reinstatement from: retired status for more than three years; inactive status for more than three years; administrative suspension for more than three years; retired status, inactive status or administrative suspension if the formerly admitted attorney has not been on active status at any time within the past three years; or after transfer to inactive status as a result of the sale of a law practice pursuant to Rule 1.17 of the Pennsylvania Rules of Professional Conduct, is as follows:

\*\*\*

    (2)    Within 60 days after the filing of a petition for reinstatement, Disciplinary Counsel shall either:

    (i)    file a response thereto with the Board and serve a copy on the formerly admitted attorney; or

    (ii)    file a certification with the Board **[Secretary]** stating that after a review of the petition for reinstatement and reasonably diligent inquiry, Disciplinary Counsel has determined that there is no impediment to reinstatement and that the petitioner-attorney will meet his or her burden of proof under paragraph (d)(3) if the petition were to proceed to hearing under (d)(4).

\*\*\*

(6)    Upon receipt of a certification filed by Disciplinary Counsel under (d)(2)(ii), the Board Chair shall designate a single member of the Board to review the record and certification and to issue a report and recommendation.

    (i)    If the Board Member decides that reinstatement should be denied or that a hearing on the petition is warranted, the designated Board Member shall issue a report setting forth the areas of the designated Board Member's concern and direct **[the Board Secretary to schedule] that** the matter **be scheduled** for hearing pursuant to subdivision (d)(4) of this rule.

    (ii)    Upon receipt of a report and recommendation for an order of reinstatement, the Court may enter an order reinstating the formerly admitted attorney to active status and direct that the necessary expenses incurred in the investigation and processing of the petition be paid by the petitioner-attorney. The Chief Justice may delegate the processing and entry of orders under this subdivision to the **Court** Prothonotary.

\*\*\*

(j)    The Board when appropriate shall promptly transmit to the president judge of the court of common pleas in the judicial district in which the formerly admitted attorney practiced a copy of:

    (1)    the certification filed with the **Court** Prothonotary under Enforcement Rule 219(h) or (m); or

\*\*\*

Rule 219.    **Annual registration of attorneys.**

\*\*\*

(f)    Any attorney who fails to complete registration by July 16 shall be automatically assessed a non-waivable late payment penalty established by the Board. A second, non-waivable late payment penalty established by the Board shall be automatically added to the delinquent account of any attorney who has failed

to complete registration by August 1, at which time the continued failure to comply with this rule shall be deemed a request to be administratively suspended.  Thereafter, the Attorney Registration Office shall certify to the Supreme Court the name of every attorney who has failed to comply with the registration and payment requirements of this rule, and the Supreme Court shall enter an order administratively suspending the attorney. The Chief Justice may delegate the processing and entry of orders under this subdivision to the **Court** Prothonotary.  Upon entry of an order of administrative suspension, the Attorney Registration Office shall transmit by certified mail, addressed to the last known mailing address of the attorney, or by electronic means, the order of administrative suspension and a notice that the attorney shall comply with Enforcement Rule 217 (relating to formerly admitted attorneys), a copy of which shall be included with the notice.

(g)      The Attorney Registration Office shall provide to the **[Office of the Secretary] Board** a copy of any certification filed by the Attorney Registration Office with the Supreme Court pursuant to the provisions of this rule.

(h)      An attorney who has been administratively suspended pursuant to subdivision (f) for three years or less is not eligible to file the annual fee form electronically. The procedure for reinstatement is as follows:

\*\*\*

      (2)      Upon receipt of the annual fee form, a verified statement showing compliance with Enforcement Rule 217 (relating to formerly admitted attorneys), and the payments required by paragraph (1), the Attorney Registration Office shall so certify to the **[Office of the Secretary] Board** and to the Supreme Court.  Unless the formerly admitted attorney is subject to another outstanding order of suspension or disbarment or the order has been in effect for more than three years, the filing of the certification from the Attorney Registration Office with the **Court** Prothonotary **[of the Supreme Court]** shall operate as an order reinstating the person to active status.

\*\*\*

      (i)      Retired Status:  An attorney who has retired must file by mail or deliver in person to the Attorney Registration Office an application for retirement and payment of any applicable late fees or penalties pursuant to subdivision (f).  Upon the transmission of such application from the Attorney Registration Office to the Supreme Court, the Court shall enter an order transferring the attorney to retired status, and the attorney shall no longer be eligible to practice law.  The retired attorney will be relieved from payment of the annual fee imposed by this rule upon active practitioners and Enforcement Rule 217 (relating to formerly admitted attorneys) shall not be applicable to the formerly admitted attorney unless ordered by the Court in connection with the entry of an order of suspension or disbarment under another provision of these rules. An attorney on retired status for three years or less may be reinstated in the same manner as an inactive attorney, except that the retired attorney shall pay the annual active fee for the three most recent years or such shorter period in which the attorney was on retired status instead of the amounts required to be paid by an inactive attorney seeking reinstatement. The Chief Justice may delegate the processing and entry of orders under this subdivision to the **Court** Prothonotary.

\*\*\*

      (m)      Upon payment of all expenses taxed pursuant to Enforcement Rule 208(g) by a formerly admitted attorney on administrative suspension solely for failure to comply with subdivision (l) of this rule, the Board shall so certify to the Supreme Court.  Unless such person is subject to another outstanding order of suspension or disbarment or the order has been in effect for more than three years, the filing of the certification from the Board with the **Court** Prothonotary **[of the Supreme Court]** shall operate as an order reinstating the person to active status.

\*\*\*

Rule 301. **Proceedings where an attorney is declared to be incapacitated or severely mentally disabled.**

\*\*\*

(e)     If, during the course of a disciplinary proceeding, the respondent contends that the respondent is suffering from a disability by reason of mental or physical infirmity or illness, or because of addiction to drugs or intoxicants, which makes it impossible for the respondent to prepare an adequate defense, the respondent shall complete and file with the Court a certificate of admission of disability **[available to the bar through the Office of the Secretary to the Board]**. The respondent shall serve a copy of the certificate on the Board and **D[d]**isciplinary **C[c]**ounsel. The certificate shall:

\*\*\*

Upon receipt of the certificate, the Court thereupon shall enter an order immediately transferring the respondent to inactive status until a determination is made of the respondent's capacity to aid effectively in the preparation of a defense or to continue to practice law in a proceeding instituted in accordance with the provisions of subdivision (d) of this rule unless the Court finds that the certificate does not comply with the requirements of this subdivision, in which case the Court may deny the request for transfer to disability inactive status or enter any other appropriate order. Before or after the entry of the order transferring the respondent to inactive status under this subdivision, the Court may, upon application by **D[d]**isciplinary **C[c]**ounsel and for good cause shown, take or direct such action as the Court deems necessary or proper to a determination of whether it is impossible for the respondent to prepare an adequate defense, including a direction for an examination of the respondent by such qualified medical experts as the Court shall designate. In its discretion, the Court may direct that the expense of such an examination shall be paid by the respondent.

\*\*\*

Rule 401.     **Expenses.**

The salaries of the **[Secretary of the Board, Disciplinary Counsel and staff]** **Disciplinary Board employees**, their expenses, administrative costs, **[and the]** expenses of the members of the Board and of hearing committees**, and expenses and compensation, if any, of special masters** shall be paid by the Board out of the funds collected under the provisions of Enforcement Rule 219 (relating to annual registration of attorneys) **and Enforcement Rule 208 (relating to costs)**. The Board shall annually obtain an independent audit by a certified public accountant of the funds entrusted to it and their disposition and shall file a copy of such audit with the Court.

\*\*\*

Rule 403.     **Emeritus Status.**

\*\*\*

(f)     Approval of Eligible Legal Aid Organization. Prior to the commencement of services described in (d), the emeritus attorney shall submit an Eligible Legal Aid Organization Form to the **[Secretary of the]** Board for approval. The emeritus attorney shall submit a separate form for each eligible legal aid organization for which the attorney expects to perform pro bono services. The form shall include the following:

\*\*\*

**Rule 8.3  Reporting Professional Misconduct**

\* \* \*

**Comment:**

\* \* \*

[9]     Likewise, Pa.R.D.E. 216(e) requires an attorney who has been transferred to disability inactive status or disciplined in another court or by any body authorized by law or by rule of court to conduct disciplinary proceedings against attorneys by any state or territory of the United States or of the District of Columbia, a United States court, or by a federal administrative agency or a military tribunal, by suspension, disbarment, or revocation of license or pro hac vice admission, or who has resigned from the bar or otherwise relinquished his or her license to practice while under disciplinary investigation in another jurisdiction, to report the fact of that transfer, suspension, disbarment, revocation or resignation to the **[Secretary of the] Disciplinary** Board **of the Supreme Court of Pennsylvania** within 20 days after the date of the order, judgment or directive imposing or confirming the discipline or transfer to disability inactive status.